IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

SAMIR TAHA,                          )
                                     )
                    Plaintiff,       )        Case No. 05-951-KI
                                     )
        vs.                          )        OPINION AND ORDER
                                     )
RAYMOND TINDELL,                     )
                                     )
                    Defendant.       )


        Samir Taha
        3625 S. W. 108th Avenue
        Beaverton, Oregon  97005

                Pro Se Plaintiff

        Frank A. Moscato
        Andrea M. Davis
        Harrang Long Gary Rudnick, P. C.
        1001 S. W. Fifth Avenue, Suite 1650
        Portland, Oregon 97204

                Attorneys for Defendant

KING, Judge:

Plaintiff Samir Taha alleges defendant Raymond Tindell is liable to him under several causes of action arising out of Tindell's representation of Taha in a prior lawsuit. Tindell filed a Motion to Dismiss Pursuant to FRCP 12(b)(1) (#6). Taha subsequently amended his complaint, and Tindell filed a Motion to Dismiss Taha's Amended Complaint Pursuant to FRCP 12(b)(1) (#17). Both of these motions are before the court. For the reasons stated below, I dismiss Taha's Amended Complaint.

## FACTS

On February 18, 2003, Taha retained Tindell to represent him in a lawsuit in Multnomah County Circuit Court, entitled IOS Capital, Inc. v. Taha. The lawsuit involved allegations that Taha was in breach of an agreement he had entered into with IOS Capital for rental space and equipment for his business, Office Annex. Taha was unsuccessful in the litigation. Taha alleges that he would have been in a strong position to defeat IOS Capital if Tindell had not refused to conduct discovery and if he had not consented to lengthy extensions to opposing counsel to file a motion to strike eliminating his defenses and counterclaims.

In early November 2003, Taha submitted a formal complaint against Tindell to the Oregon State Bar. According to the Amended Complaint, the Bar found credible evidence that Tindell violated disciplinary rules and broke the law, but eventually closed the case against Tindell.

Also in early November 2003, Taha filed a complaint against Tindell in Washington County Circuit Court alleging constitutional violations, breach of contract, legal malpractice, and

conspiracy in connection with Tindell's representation of Taha. On May 27, 2004, judgment was entered in favor of Tindell, dismissing all claims with prejudice and awarding him his costs.

On June 2, 2004, Taha filed a notice of appeal from the May 27, 2004, judgment. The Court of Appeals affirmed the trial court's judgment without opinion on March 9, 2005. Taha then filed a petition for review with the Oregon Supreme Court, which was denied on June 21, 2005. Taha filed this complaint on June 27, 2005.

## LEGAL STANDARDS

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction. The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his claims. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). A Rule 12(b)(1) motion may attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).

## DISCUSSION

Taha brings six claims for relief in his Amended Complaint. First, Taha seeks declaratory relief under 28 U.S.C. § 2201(a) that the judgment entered against him be declared unconstitutional as discriminating against him as an Arab and a Muslim in violation of his Fourteenth Amendment rights and 42 U.S.C. §§ 1981(a) and (b) and 1983. Second, Taha alleges Tindell breached fiduciary duties owed to Taha and failed to honor their legally binding contract purportedly in violation of 42 U.S.C. §1981(b). Third, Taha requests damages for Tindell's incompetent representation and his intentional negligence, and asserts Tindell violated his Fifth, Sixth, Seventh, Eighth and Fourteenth Amendment rights and 42 U.S.C. § 1983. Fourth, Taha

PAGE 3 - OPINION AND ORDER

alleges Tindell, acting under color of state statute and by way of a conspiracy with opposing counsel in the prior case, Lee Hess, committed unlawful acts against him by allowing Hess to file a motion to strike. He requests damages for discrimination, civil rights violations, and conspiracy under 42 U.S.C. §§ 1983 and 1985(3). Fifth, Taha requests damages for loss of business opportunities due to the lengthy appeals process he endured resulting from Tindell's allegedly incompetent representation, purportedly a violation of 42 U.S.C. § 1983. Finally, Taha alleges his credit has been damaged due to judgments appearing on his credit reports, the result of Tindell's breach of fiduciary duty, purportedly violations of 42 U.S.C. §§ 1981(a) and (b) and 1983.

As is apparent from this summary of his Amended Complaint, relying on a number of federal statutes, Taha asserts federal question jurisdiction under 28 U.S.C. § 1331.[1] That statute provides federal courts with jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Taha does not successfully invoke federal question jurisdiction in his first claim for relief, which seeks to have the Washington County Circuit Court judgment declared unconstitutional. While 28 U.S.C. § 2201 permits any court of the United States to "declare the rights and other legal relations of any interested party seeking such declaration," the statute simply presents a possible remedy and does not create an independent basis for federal subject matter jurisdiction. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950). Therefore, Taha must present a different basis for this first claim for relief.

---

[1] Taha also asserts jurisdiction under 28 U.S.C. § 1343. As is explained below, because Taha has not properly brought a claim under 42 U.S.C. §§ 1981, 1983, or 1985, nor properly alleged state action, 28 U.S.C. § 1343 is inapplicable.

Reading his Amended Complaint liberally, as I am required to do with all pro se litigants,

Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988), I can see that Taha

is attempting to have this court review a state court judgment. Although Taha does not explicitly

rely on 28 U.S.C. § 1257, that is the only potentially applicable statute for such a task.

Unfortunately for Taha, the statute vests such authority solely in the United States Supreme

Court. See Verizon Maryland, Inc. v. Public Service Commission of Maryland, 535 U.S. 635,

644 n.3 (2002). This court lacks subject matter jurisdiction to review the state court judgment.

Taha also relies on 42 U.S.C. § 1983 as a basis for relief in his first claim, as well as in

claims three, four, five and six. "To state a claim under § 1983, a plaintiff must allege the

violation of a right secured by the Constitution and laws of the United States, and must show that

the alleged deprivation was committed by a person acting under color of state law." West v.

Atkins, 487 U.S. 42, 48 (1988).

Taha asserts that because Tindell is authorized to practice law under ORS 9.310, and is

required to support the Constitution and laws of the United States under ORS 9.460, he is acting

under color of state statute. A lawyer is generally not considered to be "a state actor 'under color

of state law' within the meaning of § 1983." Polk County v. Dodson, 454 U.S. 312, 318 (1981).

The Supreme Court has held that even a court-appointed public defender does not act under color

of state law and therefore is not liable for damages under 42 U.S.C. § 1983. Briscoe v. LaHue,

460 U.S. 325, 330 n.6 (1983). A privately retained attorney is even more removed from the state

than is a public defender; his or her license to practice law does not put him or her "so close to

the core of the political process as to make him a formulator of government policy." In re

Griffiths, 413 U.S. 717, 729 (1973). Since Tindell did not act under color of state law within the

meaning of Section 1983, and therefore cannot be liable under Section 1983, this court does not

have subject matter jurisdiction over any claim that is premised on that statute.

Taha cites 18 U.S.C. §§ 241 and 242 in his Amended Complaint ¶ 1(c). These are

criminal statutes and do not provide a basis for a civil cause of action.

Finally, Taha references 42 U.S.C. § 1981(a) and (b)[2] in his first, second, and sixth claim

for relief, and 42 U.S.C. § 1985(3)[3] in his fourth claim for relief. Unlike the statutes mentioned

above, these statutes are capable of invoking federal question jurisdiction. However, dismissal

for lack of subject matter jurisdiction may be proper when the claim is "so insubstantial,

implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit

as not to involve a federal controversy . . . ." Oneida Indian Nation of New York State v. County

of Oneida, 414 U.S. 661, 666 (1974).

In order to make out a claim under Section 1981, Taha must plead facts showing: (1) he is

a member of a racial minority; (2) Tindell intentionally discriminated against Taha on the basis

---

[2] "All persons within the United States shall have the same right in every State and
Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and
equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by
white citizens . . . ." 42 U.S.C. § 1981(a). "For purposes of this section, the term 'make and
enforce contracts' includes the making, performance, modification, and termination of contracts,
and the enjoyment of all benefits, privileges, terms, and conditions of the contractual
relationship." 42 U.S.C. § 1981(b).

[3] "If two or more persons in any State or Territory conspire . . . , for the purpose of
depriving, either directly or indirectly, any person or class of persons of the equal protection of
the laws, or of equal privileges and immunities under the laws; . . . in any case of conspiracy set
forth in this section, if one or more persons engaged therein do, or cause to be done, any act in
furtherance of the object of such conspiracy, whereby another is injured in his person or property,
or deprived of having and exercising any right or privilege of a citizen of the United States, the
party so injured or deprived may have an action for the recovery of damages occasioned by such
injury or deprivation, against any one or more of the conspirators." 42 U.S.C. § 1985(3).

of his race; and (3) the discrimination concerned the making or enforcement of a contract, including all phases and incidents of the contractual relationship. Allen v. U.S. Bancorp, 264 F. Supp.2d 945, 948 (D. Or. 2003). Taha does not allege intentional race discrimination in his first, second and sixth claim for relief. Instead, he contends Tindell breached fiduciary duties and failed to honor the contract between them, and that these behaviors constituted "dehumanizing treatment." Amended Complaint ¶¶ 41, 43, and 56. Even reading the allegations in the Amended Complaint liberally, Taha asserts people generally have discriminated against him, Amended Complaint ¶ 5, and alleges discrimination by the state court, Amended Complaint ¶ 8, but alleges only that he was "targeted" by Tindell because of his business, his success, and his good name, without mention of race. Amended Complaint ¶ 6. The litany of wrongs purportedly perpetrated by Tindell are in the line of malpractice or negligence–sharing privileged information, failing to move for default judgment, and failing to object to the timeliness of motions–not intentional race discrimination. Taha's Amended Complaint does not sufficiently set forth facts that raise a reasonable inference of intent to discriminate against him on the basis of his race.

To state a cause of action under Section 1985, a plaintiff must allege and prove four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. United Brotherhood of Carpenters and Joiners of America v. Scott, 463 U.S. 825, 828-29 (1983). The second of these four elements requires that a plaintiff allege defendants were

motived by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).

Taha seeks damages from an alleged conspiracy between Tindell and Hess, opposing counsel in the prior case, to "commit unlawful acts" against him in violation of 42 U.S.C. § 1985(3) by the submission of the late motion to strike. Amended Complaint ¶ 49. Taha asserts that Tindell knew Taha was Arab. However, Taha does not allege Hess, the purported conspirator, was motivated by or knew about Taha's race. In addition, Taha does not identify the constitutional right of which Tindell conspired to deprive him.

Accordingly, I find that Taha has failed to state any claims over which this court has subject matter jurisdiction. Because Taha filed his complaint pro se, I must permit him to amend his complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Karim-Panahi, 839 F.2d 621 at 623 (citation omitted). Although I think it will be difficult for Taha to successfully plead what is essentially a legal malpractice claim as a federal civil rights action, I am required to give him the opportunity.

## CONCLUSION

Defendant's Motions to Dismiss (#6) and (#17) are granted. If plaintiff chooses to file a Second Amended Complaint, he must do so within thirty days of this Opinion and Order.

IT IS SO ORDERED.

Dated this _____31st_____ day of August, 2005.


       _/s/ Garr M. King_____
       Garr M. King
       United States District Judge