IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

SAMIR TAHA, )
                      )
           Plaintiff, )    Case No. 05-951-KI
                      )
   vs. )    OPINION AND ORDER
                      )
RAYMOND TINDELL, )
                      )
           Defendant. )

      Samir Taha
      3625 S. W. 108th Avenue
      Beaverton, Oregon  97005

           Pro Se Plaintiff

      Frank A. Moscato
      Andrea M. Davis
      Harrang Long Gary Rudnick P.C.
      1001 S. W. Fifth Avenue, Suite 1650
      Portland, Oregon  97204

           Attorneys for Defendant

KING, Judge:

Plaintiff Samir Taha alleges defendant Raymond Tindell is liable to him under several causes of action arising out of Tindell's representation of Taha in a prior lawsuit. Tindell filed a Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to FRCP 12(b)(1), Claim Preclusion and Statute of Limitations or, in the Alternative Motion to Strike Pursuant to FRCP 12(b)(F) (#32). In addition, Tindell filed a Motion to Strike Plaintiff's Response to Defendant's Reply (#38). Both of these motions are before the court. For the reasons stated below, I dismiss Taha's Second Amended Complaint, and I deny Tindell's motion to strike.

## FACTS

On August 31, 2005, I granted Tindell's motion to dismiss Taha's Complaint and First Amended Complaint, finding that the court had no subject matter jurisdiction over Taha's claims. Although I expressed reservations about Taha's ability to plead a claim supported by federal subject matter jurisdiction, I allowed thirty days in which Taha could file a Second Amended Complaint ("Amended Complaint"). Taha took this opportunity on September 14, 2005.

I reiterate here the facts as presented in the court's August 31, 2005, Opinion and Order, for ease of reference. On February 18, 2003, Taha retained Tindell to represent him in a lawsuit in Multnomah County Circuit Court, entitled IOS Capital, Inc. v. Taha. The lawsuit involved allegations that Taha was in breach of an agreement he had entered into with IOS Capital for equipment for his business, Office Annex. Taha was unsuccessful in the litigation. Taha alleges that he would have been in a strong position to defeat IOS Capital if Tindell had not refused to conduct discovery and if he had not consented to lengthy extensions to opposing counsel to file a

motion to strike eliminating his defenses and counterclaims. Taha alleges that Tindell and opposing counsel, Lee Hess, conspired against him to obtain a judgment against him.

In early November 2003, Taha submitted a formal complaint against Tindell to the Oregon State Bar. According to the Amended Complaint, the Bar found credible evidence that Tindell violated disciplinary rules and broke the law, but eventually closed the case against Tindell.

Also in early November 2003, Taha filed a complaint against Tindell in Washington County Circuit Court alleging constitutional violations, breach of contract, legal malpractice, and conspiracy in connection with Tindell's representation of Taha. On May 27, 2004, judgment was entered in favor of Tindell, dismissing all claims with prejudice and awarding him his costs.

On June 2, 2004, Taha filed a notice of appeal from the May 27, 2004, judgment. The Court of Appeals affirmed the trial court's judgment without opinion on March 9, 2005. Taha then filed a petition for review with the Oregon Supreme Court, which was denied on June 21, 2005. Taha filed this complaint on June 27, 2005.

## LEGAL STANDARDS

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction. The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his claims. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). A Rule 12(b)(1) motion may attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).

## DISCUSSION

Taha brings five claims for relief in his Amended Complaint. First, Taha seeks declaratory relief under 28 U.S.C. § 2201(a) of his constitutional rights, for an order directing the US Attorney General to investigate the alleged discrimination, and to order the state judgment entered against him unconstitutional as discriminating against him as an Arab and a Muslim in violation of his Fifth and Fourteenth Amendment rights and 42 U.S.C. §§ 1981, 1983 and 1985(3). Second, Taha alleges Tindell intentionally discriminated against him when he refused to comply with the agreement for representation, in violation of 42 U.S.C. §§ 1981(a), (b) and (c). Third, Taha alleges Tindell, acting under color of state law and by way of a conspiracy with opposing counsel Lee Hess, committed unlawful acts against him by allowing Hess to file a motion to strike in violation of 42 U.S.C. § 1983. Fourth, Taha asserts that Tindell and Hess acted in a conspiracy to deprive him of equal protection of the law in violation of 42 U.S.C. § 1985(3). Finally, Taha alleges Tindell intentionally inflicted emotional distress on Taha.

Taha asserts federal question jurisdiction under 28 U.S.C. § 1331. That statute provides federal courts with jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Taha also asserts jurisdiction under 28 U.S.C. § 1343, the jurisdictional provision for the Civil Rights Act.

Taha relies on 42 U.S.C. § 1983 as a basis for relief in his first claim, as well as in his third claim. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

I held in my first Opinion and Order that Taha's claims under Section 1983 must fail because Taha had failed to allege facts sufficient to show that Tindell acted under color of state law. Taha's first claim for relief remains insufficient inasmuch as there is no basis for me to conclude that Tindell, a private attorney, acted under color of state law for purposes of Section 1983.

In contrast, in his third claim, Taha alleges that Tindell and Hess "willfully and secretly participated with state court judge to grant an illegal, untimely and improper motion to strike which was filed 128 days after service of Plaintiff's pleadings[.]" Amended Complaint ¶ 38. Plaintiff relies on Dennis v. Sparks, 449 U.S. 24 (1980). That case stands for the proposition that a defendant who is not an officer of the state may be liable under Section 1983 if he is a "willful participant in joint action with the State or its agents." Dennis, 449 U.S. at 28.

However, contrary to Taha's understanding, Dennis specifically precludes the application of this theory of liability to those who simply win a case. Instead, it is applicable when, for example, there is an allegation that the judge has accepted a bribe from the private parties. Taha has not alleged what role the state judge played in the alleged conspiracy, other than that the private parties "participated with the state court judge to grant" the motion. Amended Complaint ¶ 38. In fact, in another part of his Amended Complaint, he alleges that the private parties acted to "defraud the court[.]" Amended Complaint ¶ 25. Since Taha has failed to allege how the state judge jointly engaged with the private parties in conducting the alleged deprivation of his constitutional rights, Taha has not alleged that Tindell acted under color of state law within the meaning of Section 1983. This court does not have subject matter jurisdiction over Taha's third claim for relief.

Taha references 42 U.S.C. § 1985(3)[1] in his first and fourth claims for relief. To state a cause of action under Section 1985, a plaintiff must allege and prove four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. United Brotherhood of Carpenters and Joiners of America v. Scott, 463 U.S. 825, 828-29 (1983).

In his first claim for relief, Taha does not allege the existence of a conspiracy, or any act of Tindell in furtherance of the conspiracy. In his fourth claim for relief, Taha seeks damages as a result of an alleged conspiracy between Tindell and Hess to "rob him of money" in which Tindell obtained "illegal judgments in order to disrupt his small business" in violation of 42 U.S.C. § 1985(3). Amended Complaint ¶¶ 43, 45. Neither of these actions rises to the level of a constitutional violation. Accordingly, his fourth claim for relief must be dismissed, and his first claim for relief must be dismissed to the extent it relies on 42 U.S.C. § 1985(3).

---

[1] "If two or more persons in any State or Territory conspire . . . , for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators." 42 U.S.C. § 1985(3).

Taha relies on 42 U.S.C. § 1981(a), (b), and (c)[2] in his first and second claims for relief. In order to make out a claim under Section 1981, Taha must plead facts showing: (1) he is a member of a racial minority; (2) Tindell intentionally discriminated against Taha on the basis of his race; and (3) the discrimination concerned the making or enforcement of a contract, including all phases and incidents of the contractual relationship. See Allen v. U.S. Bancorp, 264 F. Supp.2d 945, 948 (D. Or. 2003).

In his first claim for relief, Taha has not presented allegations that satisfy these elements. Accordingly, this court has no subject matter jurisdiction over Taha's first claim for relief. However, in his second claim for relief, Taha does allege that Tindell intentionally discriminated against Taha, a member of a racial minority, in the enforcement of a contractual agreement for representation. Setting aside Tindell's argument that Taha makes these allegations solely to obtain jurisdiction, Tindell concedes that Taha has adequately pled a Section 1981 claim.

Nevertheless, Tindell asserts that the state court judgment has preclusive effect on this claim. "Federal courts must give state court judgments the same preclusive effect as they would be given by the courts of that state." Dodd v. Hood River County, 136 F.3d 1219, 1225 (9th Cir. 1998). Oregon law governs, and provides that if the second action is based on the same factual transaction at issue in the first cause of action, and if the party seeks an additional remedy and the

---

[2] "All persons within the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981(a). "For purposes of this section, the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). "The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law." 42 U.S.C. § 1981(c).

Page 7 - OPINION AND ORDER

claim could have been joined in the first action, the party is precluded from prosecuting the second action. Drews v. EBI Companies, 310 Or. 134, 140, 795 P.2d 531 (1990) (quotation omitted). In addition, claim preclusion bars all grounds for recovery that could have been asserted, whether they were or not. Id.

Here, Taha brought an action against Tindell in state court, alleging that Tindell breached the representation agreement, committed legal malpractice, and engaged in a conspiracy with opposing counsel Hess. The state court awarded final judgment in favor of Tindell on May 25, 2004 on the basis of Tindell's motion to dismiss for failure to state a claim, and awarded Tindell costs and post-judgment interest. Taha could have brought a claim in that action alleging Tindell intentionally discriminated against him. Instead of doing so, Taha now seeks an additional or alternative remedy under Section 1981 in this court arising out of the same set of facts. Contrary to Taha's assertion, a dismissal for failure to state a claim is considered to be a decision on the merits in the context of claim preclusion. See Thomason v. Kitzhaber, 217 F. Supp. 2d 1112, 1115-16 (D. Or. 2002); Restatement (Second) of Judgments § 19, comment d (1982).

Finally, Taha newly asserts a claim for intentional infliction of emotional distress. As Tindell points out, however, this claim is barred by the two-year statute of limitations. ORS 12.110(1). Taha has not alleged a continuing tort, but even assuming Taha could establish that Tindell engaged in a pattern of conduct constituting a continuing tort, any allegedly tortious conduct ceased when Taha fired Tindell on August 20, 2003. Taha did not allege this claim until September 14, 2005, when he filed this Second Amended Complaint.

Taha relies on the discovery rule and states that he first learned of the injury on December 8, 2003 when the "illegal judgments" were entered against him. Taha's Objections to Defendant's Motion to Dismiss and Strike, at 8. However, Taha's allegations show that he "obtained knowledge, or reasonably should have obtained knowledge of the tort" on or before August 20, 2003, when he fired Tindell. See Berry v. Branner, 245 Or. 307, 315-16, 421 P.2d 996 (1996). Therefore, Taha's claim for intentional infliction of emotional distress is barred by the statute of limitations and must be dismissed.

Accordingly, I find that Taha has failed to state any claims over which this court has subject matter jurisdiction. This is Taha's third attempt to plead a case actionable in federal court and the defects cannot be cured by amendment.

## CONCLUSION

Defendant's Motion to Dismiss (#32) is granted. Defendant's Motion to Strike (#38) is denied as moot.

IT IS SO ORDERED.

Dated this ___20th___ day of December, 2005.

                                            /s/ Garr M. King
                                            Garr M. King
                                            United States District Judge